```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MACARTHUR MASON, JR.,<br><br>          Plaintiff,<br>     v.<br><br>CAMDEN COUNTY,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07269 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

MacArthur Mason, Jr., Plaintiff Pro Se
604 W. Maple Ave.
Pennsauken, NJ 08109

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff MacArthur Mason, Jr., presumably seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County. Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.  To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.  All of the substantive portions of the complaint are blank and Plaintiff has not pled any factual allegations regarding his claims. Complaint §§ III, IV, V. The complaint will therefore be dismissed without prejudice.

6.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7. In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of his confinement, whether he was a pretrial detainee or convicted prisoner, any specific individuals who were involved with the circumstances giving rise to his claims, and any other relevant facts that support his claims.

8. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[1] *Id.*

9. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[1] The amended complaint shall be subject to screening prior to service.

10.  An appropriate order follows.


**March 3, 2017**　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief U.S. District Judge